**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FRONTLINE INTERNATIONAL, INC.,**

      **Plaintiff,**

-vs-                                          **Case No. 6:10-cv-1351-Orl-31DAB**

**EDELCAR, INC.,**

      **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** MOTION TO CONDUCT JURISDICTIONAL DISCOVERY, MOTION FOR EXTENSION OF TIME TO FILE RESPONSE AS TO AMENDED MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE AND INSUFFICIENCY OF SERVICE OF PROCESS BY FRONTLINE-INTERNATIONAL, INC. (Doc. No. 21)
>
> **FILED:** November 15, 2010
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part.** The deadline for jurisdictional discovery as set forth below is February 1, 2011. Plaintiff's response to the Motion to Dismiss is due by February 15, 2011.

On September 9, 2010, Plaintiff Frontline International, Inc. filed its Complaint against Defendant Edelcar, Inc. for patent[1] infringement of an invention of an apparatus to remove waste cooking oil; Frontline also alleges claims for unfair competition under the Lanham Act, misappropriation of trade secrets, breach of fiduciary duty, common law unfair competition and unjust

---

[1] United States Patent Number 7,735,526B2.

enrichment. Doc. No. 1. Following Plaintiff's filing of an Amended Complaint (Doc. 3) and service on Edelcar, on November 2, 2010, Edelcar filed its Amended Motion to Dismiss Frontline's claims under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(5) for lack of personal jurisdiction, improper venue, and insufficiency of service of process. Doc. 20. In response, on November 15, 2010, Plaintiff filed a Motion for Leave to Conduct Jurisdictional Discovery and for Extension of Time to Respond to Defendant's Jurisdictional and Venue Motions (Doc. 21) requesting jurisdictional discovery to determine Edelcar's activities (if any) in the State of Florida that might fall under Florida's long-arm statute. Edelcar filed its opposition (Doc. 22) and Frontline filed a Reply on December 3, 2010. Doc. 27. The matter is ripe for decision.

*Standard of Review*

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855-56 (11th 1990) (citing *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989)). First, the Court considers the jurisdictional issue under the state long-arm statute. *Cable/Home Communication,* 902 F.2d at 855. Second, the Court determines whether or not sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* at 856 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by the state long-arm statute. *Cable/Home Communication* 902 F.2d at 855 (citing *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 295 (3d

Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985)). For Frontline's claims of patent infringement and violation of the Lanham Act, Rule 4 requires the Court to use the Florida long-arm statute in order to determine the amenability of nonresident Defendant Edelcar to jurisdiction in Florida. *See also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Florida's long-arm statute, Florida Statute § 48.193, provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

\* \* \*

(b) Committing a tortious act within this state.

\* \* \*

(f) Causing injury to persons. . . within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury . . .

1. The defendant was engaged in solicitation or service activities within this state . . .

\* \* \*

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193. "Florida's long-arm statute must be strictly construed, and the burden of proving facts that justify use of the statute is on the plaintiff." *Response Reward Sys. L.C. v. Meijer, Inc.,* 189 F. Supp. 2d 1332, 1335 (M.D. Fla. 2002) (setting forth standard for court's review of personal jurisdiction).

In assessing minimum contacts, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The nature and quality of the required "minimum contacts" depends upon whether the type of personal jurisdiction being asserted is general or specific. *Consolidated Dev. Corp. v. Sherrill, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).

"General personal jurisdiction . . . arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Id.* at 1291. The due process requirements for general personal jurisdiction require a showing of continuous and systematic general business contacts between the defendant and the forum. *Id.*; *see also Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (requiring "pervasive" contacts with the forum unrelated to the pending litigation to exercise general jurisdiction).

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if the cause of action "arises out of" or "relates to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws, and the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Securities and Exchange Commission v. Carrillo*, 115 F.3d 1540, 1542 (11th 1997); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996)).

Where a district court does not conduct an evidentiary hearing on the question, the burden is on the Plaintiff to establish a prima facie case of personal jurisdiction over a nonresident defendant. *Consolidated Dev. Corp.*, 216 F.3d at 1291 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)).

*Analysis*

Edelcar argues in its Motion to Dismiss that it does not have minimum contacts with the state of Florida sufficient to establish personal jurisdiction over it under the Florida long-arm statute. Doc. 20. Frontline alleges in the Amended Complaint that: "Upon information and belief, Edelcar regularly conducts business in Florida and within this jurisdictional area, Middle District of Florida, including, but not limited to sales and/or shipping of products to various locations within Florida and upon information and belief, a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred within this judicial district." Doc. 3, ¶ 9.

Edelcar filed its Motion to Dismiss with a supporting (unsworn) statement from its President, Nicolás Carvajal, showing that Edelcar is a Puerto Rican Corporation with no offices, agencies, employees, agents, registered agents, independent contractors in Florida. Doc. 20-1 at 3-4. In addition, Mr. Carvajal also states that Edelcar has never sold or shipped any of its products to Florida residents, held any bank accounts or the equivalent in Florida or solicited any business via television, radio or email advertisements in Florida. *Id.* However, as Frontline points out, Mr. Carvajal admits that a meeting between the parties took place in Orlando in September 2008, although he disputes its significance and the terms of the agreement reached. Doc. 20-1 ¶ 17.

In response to Edelcar's Motion to Dismiss, Frontline filed its Motion for jurisdictional discovery. Edelcar's objections to Frontline's request for jurisdictional discovery are based on the vagueness of the request for discovery and lack of explanation of how such discovery would aid the

Court's jurisdictional analysis. Doc. 22. In reply, Frontline argues that it is seeking discovery related to Edelcar's minimum contacts with Florida and whether sufficient minimum contacts occurred such that due process has been met; it outlines very specifically the discovery sought.

Frontline states that its discovery will be directed at Edelcar's "purposeful availment of the privilege of conducting activities" within Florida, *i.e.*, attending trade shows, establishing business relationships, soliciting business, and engaging in other business transactions, and whether it should reasonably anticipate being haled into court in Florida. Doc. 27 (Reply). Frontline contends that after it obtains the evidence it seeks regarding Edelcar's minimum contacts within the state, it will be better able to respond to Edelcar's motion to dismiss the amended complaint for lack of personal jurisdiction, as well as to the venue and service objections.

Frontline proposes two rounds of discovery, for the depositions of Nicolas Carvajal and Edelcar's Rule 30(b)(6) corporate representative regarding the terms discussed during the September 2008 meeting, the events that lead to Edelcar's alleged receipt of Frontline's confidential information, the business conducted in Florida, principals' business travel to Florida, legal actions in Florida, and any other activities in the state, as well as whether Edelcar's allegedly-infringing oil recovery tank has been used, sold, or distributed in Florida, and related issues; and circumstances of the service of process as raised in the Motion to Dismiss. Frontline also proposes to propound requests for production of documents upon Defendant seeking similar information, and depending on the responses, conduct a second round of discovery to additional entities identified in the responses; following this second round, Frontline proposes that it be granted leave to respond 15 days after the second round of discovery finally concludes. Doc. 27.

In this case, Frontline's proposed discovery reaches beyond that necessary to determine the personal jurisdiction issue, and reaches further into the merits of the case. The Motion for

jurisdictional discover is **GRANTED in part.** Frontline is granted leave to conduct a single deposition of Edelcar's 30(b)(6) corporate representative to be taken in Puerto Rico on the following topics concerning minimum contacts by **February 1, 2011**: circumstances of the September 2008 meeting, the events that lead to Edelcar's alleged receipt of Frontline's confidential information, any business conducted in Florida, any principals' business travel to Florida, whether any other legal actions have been filed or defended in Florida, and any other of Edelcar's business activities in the state, and the circumstances of service of process on Edelcar. Frontline's response to the Motion to Dismiss is due by **February 15, 2011.**

    **DONE** and **ORDERED** in Orlando, Florida on January 14, 2011.

*David A. Baker*

        DAVID A. BAKER
  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy